# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS DIVISION**

---------------------------------------------------------------X

NICOLE FIDELIO, Individually and on behalf   :   Case No.:
of all others similarly situated,   :
  :
              Plaintiff,   :   **COLLECTIVE AND CLASS**
  :   **ACTION COMPLAINT**
  :
        -against-   :   **JURY TRIAL DEMANDED**
  :
iMOBILE, LLC and iMOBILE USA, LLC,   :
  :
         Defendants.   :

---------------------------------------------------------------X

## INTRODUCTION

Plaintiff Nicole Fidelio ("Fidelio" or "Plaintiff"), individually and on behalf of all others

similarly situated, files this Collective and Class Action Complaint and Jury Demand against

Defendants iMobile, LLC and iMobile USA, LLC (collectively "Defendants" or "iMobile")

seeking all relief available under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §

201 *et seq.* ("FLSA") on behalf of herself and all current and former overtime exempt-classified

Store Managers ("SMs") who worked at any of Defendants' locations in the United States, and

under New York Labor Law, Article 19, §§ 650, et seq. ("NYLL") pursuant to Rule 23 of the

Federal Rules of Civil Procedure on behalf of herself and all current and former overtime

exempt-classified SMs who worked at any of Defendants' locations in New York.  The

following allegations are based on personal knowledge as to Plaintiff's own conduct and are

made on information and belief as to the acts of others:

**NATURE OF THE ACTION**

1.      Plaintiff brings this action on behalf of herself and similarly situated current and former employees of Defendants nationwide who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., ("FLSA") and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendants that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

2.      Plaintiff brings this action on behalf of herself and similarly situated current and former employees of Defendants who worked in New York pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law, Article 19, §§ 650, et seq. ("NYLL") and supporting regulations.

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction pursuant to pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

4.      Defendants are subject to personal jurisdiction in the Southern District of New York.

5.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because Plaintiff resides in the District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

6.      Defendants are covered employers within the meaning of the FLSA, with gross revenues exceeding $500,000.00 for all relevant times.

## THE PARTIES

### *Plaintiff Nicole Fidelio*

7.    Plaintiff is an adult individual residing in Hopewell Junction, New York.

8.    Plaintiff was employed by Defendants as an SM from on or about March 2017 until on or about November 2017, at an iMobile location in Middletown, New York.

9.    Plaintiff's written consent to join this action is attached hereto as Exhibit "A".

### *Defendants*

10.    iMobile USA, LLC and iMobile, LLC are an exclusive Sprint Authorized Retailer specializing in wireless communication services.  Defendants are one of the nation's largest Sprint Wireless Retailers.[1]

11.    With over 500 employees, Defendants operate more than 200 retail locations in 21 states.[2]

12.    Throughout the relevant period, Defendants employed and/or jointly employed Plaintiff and other SMs within the meaning of the FLSA and the NYLL.

13.    Defendants have had substantial control over Plaintiff's and other SMs' working conditions and the unlawful policies and practices alleged herein.

14.    At all times relevant, Defendants maintained control, oversight and direction over Plaintiff and other SMs, including timekeeping, payroll and other employment practices that applied to them.

---

[1]    *See* press release Defendant iMobile LLC provided to PR Newswire, June 7, 2018, https://www.prnewswire.com/news-releases/imobile-is-now-sprints-largest-authorized-retailer-300661925.html, last visited November 1, 2019.

[2]    *See* https://www.sprint.com/storefronts/sd/imobile/bg/about-imobile/; https://www.sprint.com/ storefronts/bl/all-businesses/?bg=immobile, last visited November 1, 2019.

3

15.    Defendants apply the same employment policies, practices, and procedures to all SMs.

16.    At all times relevant, Defendants' annual gross volume of sales made or business done was not less than $500,000.

17.    At all times relevant, Defendants have been an enterprise, each on their own and as a joint employer, within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18.    At all times relevant, Defendants were/are an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).

19.    At all times relevant, Plaintiff and all similarly situated SMs were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

20.    Defendants issued paychecks to Plaintiff and all similarly situated SMs during their employment.

21.    Plaintiff and similarly situated SMs worked in excess of forty (40) hours per workweek, without receiving overtime compensation as required by the FLSA or NYLL.  By way of example, during the week of Mother's Day, 2017 I worked over 70 hours, as I was scheduled to work from open to close every day that week.

22.    Pursuant to Defendants' policy and pattern or practice, Defendants did not pay Plaintiff and other similarly situated SMs proper overtime wages for hours they worked for its benefit in excess of forty (40) hours in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

23.     In the First Cause of Action, pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants as SMs, as well as other similarly situated current and former employees working in comparable positions but different titles, at any time from three years prior to the filing of this Collective and Class Action Complaint to the entry of judgment in this case (the "Putative SM Collective").

24.     Defendants are liable under the FLSA for, *inter alia*, failing to properly pay overtime wages to Plaintiff and the members of the Putative SM Collective.

25.     There are numerous similarly situated current and former SMs who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join it.  Thus, notice should be sent to the Putative SM Collective pursuant to 29 U.S.C. § 216(b).

26.     Similarly situated employees are known to Defendants, readily identifiable, and can be located though Defendants' records.

27.     Plaintiff and the members of the Putative SM Collective, all of whom regularly worked more than forty (40) hours in a workweek, were employed as SMs by Defendants.

28.     Defendants failed to pay Plaintiff and the members of the Putative SM Collective overtime compensation for the hours they worked over forty (40) in a workweek.

29.     Defendants failed to keep accurate records of all hours worked by Plaintiff and the members of the Putative SM Collective.

30.     Throughout the relevant period, it has been Defendants' policy, pattern, or practice to require, suffer, or permit Plaintiff and the members of the Putative SM Collective to

work in excess of forty (40) hours per workweek without paying them overtime wages for all overtime hours worked.

31.     Defendants assigned the work that Plaintiff and the members of the Putative SM Collective have performed, or Defendants were aware of the work they performed.

32.     The work performed by Plaintiff and the members of the Putative SM Collective constitutes compensable work time under the FLSA and was not preliminary, postliminary or *de minimus*.

33.     Defendants intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to the Plaintiff and the members of the Putative SM Collective.  This policy, pattern or practice was authorized, established, promulgated, and/or ratified by Defendants' corporate headquarters.  This policy, pattern or practice includes but is not limited to:

      a.     willfully failing to record all the time Plaintiff and the members of the Putative SM Collective have worked for the benefit of Defendants;

      b.     willfully failing to keep accurate time records as required by the FLSA;

      c.     willfully failing to credit Plaintiff and the members of the Putative SM Collective for all hours worked including overtime hours, consistent with the requirements of the FLSA; and

      d.     willfully failing to pay Plaintiff and the members of the Putative SM Collective wages for all hours worked including overtime wages for hours in excess of forty (40) hours per workweek.

6

34.     Defendants are aware, or should have been aware, that the FLSA requires them to pay Plaintiff and the members of the Putative SM Collective an overtime premium for hours worked in excess of forty (40) hours per workweek.

## NEW YORK CLASS ACTION ALLEGATIONS

35.     Plaintiff brings the Second and Third Causes of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of persons consisting of all persons who have worked for Defendants as SMs, or in comparable positions with different titles, in the State of New York (the "New York Class") at any time between the date six years prior to the filing of this Complaint and the date of final judgment in this matter (the "New York Class Period").

36.     Excluded from the New York Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

37.     The persons in the New York Class identified above are so numerous that joinder of all members is impracticable.  The precise number of such persons is not known to Plaintiff, and the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

38.     Upon information and belief, the size of the New York Class is at least 50 workers.

39.     Defendants acted or refused to act on grounds generally applicable to the New York Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the New York Class as a whole.

7

40.     The Second and Third Causes of Action are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

a.   whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the New York Class;

b.   what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

c.   whether Defendants failed and/or refused to pay Plaintiff and the New York Class for all hours worked in violation of the NYLL;

d.   whether Defendants failed and/or refused to pay Plaintiff and the New York Class overtime pay for hours worked in excess of 40 hours per workweek within the meaning of the NYLL;

e.   the nature and extent of New York Class-wide injury and the appropriate measure of damages for the New York Class;

f.   whether Defendants have had a policy of failing to pay workers for time that they work;

g.   whether Defendants failed to compensate Plaintiff and the New York Class for all work Defendants required and/or suffered or permitted them to perform; and

h.   whether Defendants correctly calculated and compensated Plaintiff and the New York Class for hours worked in excess of 40 per workweek.

41.     Plaintiff's claims are typical of the claims of the New York Class sought to be represented.  Plaintiff and the other New York Class members work or have worked for Defendants and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per workweek.  Defendants acted and refused to act on grounds generally applicable to the New York Class, thereby making injunctive and/or declaratory relief with respect to the New York Class appropriate.

42.     Plaintiff will fairly and adequately represent and protect the interests of the New York Class.  Plaintiff understands that, as a class representative, one assumes a fiduciary responsibility to the New York Class to represent its interests fairly and adequately.  Plaintiff recognizes that as a class representative, one must represent and consider the interests of the New York Class just as one would represent and consider one's own interests.  Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, one must not favor one's own interests over those of the New York Class.  Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the New York Class.  Plaintiff understands that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required, in a deposition and in trial.

43.     Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

44.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where an individual Plaintiff may lack the financial resources to vigorously prosecute a

lawsuit in federal court against a corporate defendant. The members of the New York Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New York Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

45.     Defendants failed to provide legally required wage statements and wage notices pursuant to the NYLL.

46.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COMMON FACTUAL ALLEGATIONS

47.     Consistent with Defendants' policy, pattern or practice, Plaintiff and the members of the Putative SM Collective and New York Class regularly worked in excess of forty (40) hours per workweek without being paid overtime wages.

48.     All members of the Putative SM Collective and New York Class primarily performed the same or substantially similar job duties.

49.     The primary duties that Plaintiff and the other SMs regularly performed include, but are not limited to:

    a.  selling phones,

    b.  stocking,

    c.  helping customers,

    d.  troubleshooting phones,

     e.   answering calls,

     f.   cleaning, and

     g.   cold-calling customers.

50.    Plaintiff's and the other SMs' primary job duties did not include:

     a.   hiring

     b.   firing;

     c.   setting rates of pay;

     d.   scheduling; or

     e.   disciplining other employees.

51.    Plaintiff's and the other SMs' primary duties did not differ substantially from the duties of non-exempt hourly-paid employees.

52.    Plaintiff's and the other SMs did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

53.    Plaintiff's and the other SMs' primary duties were customer service related. Customer service occupied the majority of the Plaintiff's and the other SMs' working hours.

54.    Pursuant to a centralized, company-wide policy, pattern, and practice, Defendants classified all SMs as exempt from coverage of the overtime provisions of the FLSA, NYLL, and applicable state laws.

55.    Defendants did not perform a person-by-person analysis of every SM's job duties when making the decision to classify all of them as exempt from the FLSA's and NYLL's overtime protections, as well as the protections of other applicable state laws.

11

56.     Upon information and belief, Defendants' unlawful conduct described in this Collective and Class Action Complaint is pursuant to a corporate policy or practice which minimizes labor costs by violating the FLSA and NYLL.

57.     Defendants' failure to pay overtime wages for work performed by the Putative FLSA Collective and New York Class in excess of forty (40) hours per workweek was willful.

58.     Defendants' unlawful conduct has been widespread, repeated and consistent.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act: Unpaid Overtime Wages**
**(On behalf of Plaintiff and the Putative SM Collective)**

59.     Plaintiff and the members of the Putative SM Collective, reallege and incorporate by reference paragraphs 1 to 58 as if they were set forth again herein.

60.     Defendants engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Collective and Class Action Complaint.

61.     Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

62.     A written consent form for Plaintiff is being filed with this Collective and Class Action Complaint. (Ex. 1).

63.     At all relevant times, Plaintiff and the members of the Putative SM Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

64.     The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq.* apply to Defendants.

65.     Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

12

66.     At all times relevant, Plaintiff and the members of the Putative SM Collective were employees within the meaning of 29 U.S.C. §§ 203 (e) and 207(a).

67.     Defendants failed to pay Plaintiff and other similarly situated members of the Putative SM Collective the overtime wages to which they were entitled under the FLSA.

68.     Defendants' violations of the FLSA, as described in this Collective and Class Action Complaint, have been intentional and willful, and as such a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

69.     Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and other similarly situated members of the Putative SM Collective.

70.     As a result of the Defendants' violations of the FLSA, Plaintiff and all other similarly situated members of the Putative SM Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq.*

71.     As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated members of the Putative SM Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### New York Labor Law
### (On behalf of Plaintiff and the New York Class)

72.     Plaintiff realleges and incorporates by reference paragraphs 1 to 58 as if they were set forth again herein.

13

73.    At all times relevant, Plaintiff and the members of the New York Class have been employees and Defendants have been an employer within the meaning of the NYLL.  Plaintiff and the members of the New York Class are covered by the NYLL.

74.    Defendants employed Plaintiff and the members of the New York Class as an employer in New York.

75.    Defendants failed to pay Plaintiff and the members of the New York Class wages to which they are entitled under the NYLL.  Defendants failed to pay Plaintiff and the members of the New York Class for overtime at a wage rate of one and one-half times their regular rates of pay.

76.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the New York Class members, by recording only forty (40) hours of work per week rather than the actual number of hours worked.

77.    Due to Defendants' intentional and willful violations of the NYLL, Plaintiff and the members of the New York Class are entitled to recover from Defendants their unpaid wages (including overtime wages), reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and such other relief as provided by law.

### THIRD CAUSE OF ACTION
**New York Labor Law Notice and Recordkeeping Claims**
**(On behalf of Plaintiff and the New York Class)**

78.    Plaintiff realleges and incorporates by reference paragraphs 1 to 58 as if they were set forth again herein.

79.    NYLL § 195(4) requires every employer to establish and maintain, for at least three years, *inter alia*, payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

14

80.    NYLL § 661 requires every employer to maintain, *inter alia*, true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

81.    12 N.Y.C.R.R. § 142-2.6 requires every employer in miscellaneous industries to establish, maintain and preserve for six years, weekly payroll records showing, *inter alia*, each employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

82.    NYLL § 195(3) requires that every employer furnish each employee with a statement with every payment listing gross wages, deductions and net wages, and upon request of an employee, an explanation of the computation of wages.

83.    12 N.Y.C.R.R. § 142-2.7 requires every employer in miscellaneous industries to furnish each employee a statement with every payment of wages listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

84.    Defendants failed to comply with the notice and record keeping requirements of NYLL §195(1) and 195(3), resulting in penalties under NYLL § 198(1)(b) and 198(1)(d) for Plaintiff and the New York Class.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the Collective Members.  Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.      Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Pre-judgment interest and post-judgment interest as provided by law;

D.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

E.      A reasonable incentive award for the Plaintiff to compensate her for the time and effort she has spent protecting the interests of other SMs, and the risks she has undertaken.

F.      Certification of the New York claims in this action as a class action;

G.      Designation of Fidelio as a New York Class Representative;

H.      An award of damages, appropriate statutory penalties, and restitution to be paid by Defendants according to New York law according to proof;

I.      Pre-judgment and post-judgment interest as provided by New York law;

J.      Attorneys' fees and costs of the action; and

K.      Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


Dated: New York, New York
       November 8, 2019

                              Respectfully submitted,



                              _____
                              Michael J. Palitz
                              **SHAVITZ LAW GROUP, P.A.**
                              830 3rd Avenue, 5th Floor
                              New York, New York 10022
                              Tel:    (800) 616-4000
                              Fax:    (561) 447-8831

                              16

Gregg I. Shavitz*
Camar R. Jones*
Alan L. Quiles*
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Road, Suite 285
Boca Raton, Florida 33432
Tel:    (561) 447-8888
Fax:    (561) 447-8831

***Attorneys for Plaintiff and the Putative Class and Collective***

*to be admitted *pro hac vice*

17

# EXHIBIT A

Case 7:19-cv-10417-VB     Document 37-2     Filed 01/17/20     Page 20 of 20
DocuSign Envelope ID: B4ED0339-F6C3-406B-8281-D5032F2D6508
Case 7:19-cv-10417-VB     Document 1     Filed 11/08/19     Page 19 of 19

## CONSENT TO JOIN FORM

1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), Imobile, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

Signature _____

Nicole Fidelio
_____
Print Name